IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Martinsburg Division)

LEANN J. NESSELRODTE,
on behalf of herself and all others
similarly situated,

    Plaintiff,

vs.                             CIVIL ACTION NO. 3:11-cv-95

DIVAS, LLC,

    Defendant.

## COMPLAINT

1. Plaintiff Leann J. Nesselrodte, by and through her undersigned counsel, on behalf of herself and all others similarly situated, files this Complaint against defendant Divas, LLC to recover damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); and under West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq.* (WPCA).

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), as plaintiff raises claims under the FLSA, and pursuant to 28 U.S.C. § 1331, as plaintiff raises claims arising under an act of Congress.

3. This Court has supplemental has jurisdiction over plaintiff's state law claims, as those claims are so related to plaintiff's federal law claims that they form part of the same case or controversy.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Leann J. Nestlerodte is an adult resident of the State of West Virginia.

6. Defendant Divas, LLC is a limited liability company formed under the laws of the State of West Virginia with its principal place of business located in Berkeley County, West Virginia.

7. At all times relevant to this action, defendant operated a night club in Berkeley County, West Virginia engaged in the business of serving food and spirituous beverages and featuring all nude and semi-nude exotic dancers.

8. At all times relevant to this action, defendant was plaintiff's "employer" for purposes of the FLSA.

9. At all times relevant to this action, defendant was plaintiff's "employer" for purposes of the WPCA.

10. During plaintiff's employment, defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

11. At all times relevant to this action, defendant was as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

12. At all times relevant to this action, plaintiff was an individual employee engaged in commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206-207.

## STATEMENT OF FACTS

13. At all times relevant to this action, defendant suffered or permitted plaintiff to

work.

14. Plaintiff worked for defendant from about November 2010 to June 2011.

15. Plaintiff's primary job duty was as an exotic dancer at defendant's nightclub in Berkeley County, West Virginia.

16. At all relevant times, plaintiff performed work duties for defendant at nightclub in Berkeley County, West Virginia.

17. During her term of employment, plaintiff regularly worked five days per week.

18. For each day shift, defendant required that plaintiff arrived at work at about 11:30 a.m. and allowed plaintiff to conclude her work duties at about 7:00 p.m.

19. Defendant required other exotic dancers to work shifts of defined hours.

20. At all times throughout plaintiff's employment with defendant, defendant did not pay plaintiff any wages for work duties she performed.

21. At all times relevant to this action, defendant did not pay other exotic dancers any wages for work duties they performed.

22. At all times throughout plaintiff's employment with defendant, defendant implemented and utilized a system under which plaintiff was required and compelled to pay to defendant, out of her personal tips, $10.00 for shift worked by plaintiff.

23. At all times throughout plaintiff's employment with defendant, defendant implemented and utilized a system under which plaintiff was required and compelled to pay to defendant, out of her personal tips, $10.00 for each "private dance" performed by plaintiff.

24. At all times throughout plaintiff's employment with defendant, defendant implemented and utilized a system under which plaintiff was required and compelled to pay to defendant, out of her personal tips, $40.00 for each one half hour "champagne room" dance

performed by plaintiff.

25. At all times relevant to this action, defendant required and compelled other exotic dancers to pay to defendant, out of her personal tips, $10.00 for shift worked by the dancer.

26. At all times relevant to this action, defendant required and compelled other exotic dancers to pay to defendant, out of her personal tips, $10.00 for "private dance" performed by the dancer.

27. At all times relevant to this action, defendant required and compelled other exotic dancers to pay to defendant, out of her personal tips, $40.00 for each one half hour "champagne room" dance performed by the dancer..

28. As a result of defendant's system of requiring payments from plaintiff and other dancers for work each performed, defendant did not permit plaintiff and other dancers to retain all tips each received from defendant's patrons.

29. Defendant failed to pay plaintiff and other exotic dancers at an hourly rate at least equal to the Minimum Wage as set by the FLSA.

30. Defendant required dancers to pay to defendant a penalty on any night that the dancer arrived late for work.

31. Defendant also required dancers to pay to defendant a penalty of $50.00 if they did not report for work and did not call defendant in advance to report that they would not be at work.

32. Defendant also required dancers to pay to defendant a penalty of $25.00 if they did not report for work and had called defendant in advance to report that they would not be at work.

33. Defendant did not have a written authorization, signed by plaintiff, for the charges

and penalties which defendant required plaintiff to pay to defendant.

34. Defendant did not have a written authorization signed by any other dancer for the charges and penalties which defendant required the dancers to pay to defendant.

### COUNT I
### (VIOLATION OF THE FLSA)

35. This claim arises under the FLSA, 29 U.S.C. § 201, *et seq.*

36. Plaintiff realleges paragraphs 1 through 34 of this Complaint.

37. Plaintiff brings this claim on behalf of herself and other dancers similarly situated pursuant to 29 U.S.C. § 216(b).

38. Defendant suffered or permitted plaintiff and other similarly situated exotic dancers to work.

39. Defendant was an employer of plaintiff and other exotic dancers within the meaning of the FLSA.

40. Defendant was required by the FLSA to pay plaintiff and other dancers similarly situated no less than the minimum wage for each hours worked by the dancer.

41. Defendant failed to pay plaintiff and other dancers similarly situated wages equal to at least the minimum wage for all hours worked, in violation of the FLSA.

42. Defendant's violation of the FLSA was wilful.

43. As a result of defendant's actions, plaintiff and others similarly situated have suffered injury.

### COUNT II
### (VIOLATION OF THE WPCA)

44. This claim arises under the WPCA, W.Va. Code § 21-5-1, *et seq.*

45. Plaintiff realleges paragraphs 1 through 43 of this Complaint.

46. The charges which defendant required plaintiff and other dancers similarly situated to pay for shift charges, private dances, champagne room and late charges were assignments of wages within the meaning of the WPCA.

47. Defendant did not have from plaintiff or any other dancer similarly situated the written authorization for wage assignments required by the WPCA, W.Va. Code § 21-5-3.

48. As a result of the assignments of wages made by defendant, defendant failed to pay plaintiff and other dancers similarly situated all wages due to them as required by the WPCA.

49. Defendant failed to pay plaintiff and other dancers similarly situated within the times required by the WPCA, W.Va. Code §§ 21-5-3, 21-5-4.

50. As a result of defendant's actions, plaintiff and others similarly situated have suffered injury.

## WPCA CLASS ACTION ALLEGATIONS

51. Plaintiff brings this claim pursuant to Fed.R.Civ.P. 23 under the WPCA on behalf of herself and other dancers who were required to pay defendant charges for work performed, including charges for each shift, for private dances and for champagne room performances, and penalties including penalties for arriving late to work

52. Joinder of all class members is impractical because, upon information and belief, the number of class members is believed to exceed 60.

53. The questions of law and fact regarding the lawfulness of the charges which defendant required plaintiff and others similarly situated to pay are common to the members of the class.

54. The claims of the plaintiff are typical of the claims of the class, as the policies at

issue were imposed upon all members of the class by defendant.

55.     The defenses of the defendant to the claims of the plaintiff are typical to the claims of the class members.

56.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no conflict of interest with the class members. Plaintiff, the class representative, is represented by competent and experienced counsel who will vigorously prosecute this case.

57.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of the establishment of inconsistent or varying adjudications with respect to individual class members and would establish incompatible standards of conduct for the Defendant. Fed.R.Civ.P. 23(b)(1)(A).

58.     This action is properly maintained as a class action because the adjudication of claims of individual class members would, as a practical matter, substantially impair or impede the ability of other class members not parties to the individual adjudications to protect their interests. Fed.R.Civ.P. 23(b)(1)(B).

59.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy, as there will not be any substantial difficulties in managing this case as a class action, and judicial economy dictates in favor of litigating all of the claims in a single forum. Upon information and belief no other litigation concerning this controversy has been commenced by any of the potential class members, and there is no significant reason that the individual class members need to control the litigation of this case.

## PRAYER FOR RELIEF

WHEREFOR, plaintiff prays that the Court assume jurisdiction of this matter and enter an order:

a. Permitting plaintiff's FLSA claim to proceed as a collective action on behalf of herself and others similarly situated;

b. Entering judgment awarding plaintiff and each member of the FLSA collective class her unpaid minimum wages and statutory liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Certifying plaintiff's WPCA claim as a class action pursuant to Fed.R.Civ.P. 23;

d. Entering judgment awarding to plaintiff and each member of the WPCA class her unpaid wages plus statutory damages pursuant to W.Va. Code § 21-5-4;

e. Awarding to plaintiff the costs of the action and an reasonable attorney's fee; and

f. Awarding to plaintiff such other relief as the Court may deem just.

Respectfully submitted,

Counsel for Plaintiff

Garry G. Geffert (W.Va. Bar # 1364)
114 S. Maple Ave.
P.O. Box 2281
Martinsburg, WV 25402
voice: (304) 262-4436
facsimile: (304) 596-2474
email: geffert@wvdsl.net

Gregg C. Greenberg (MD Fed. Bar #17291)
The Zipin Law Firm, LLC
8403 Colesville, Road, #610
Silver Spring, MD 20910
voice: (301) 587-9373
facsimile: (304) 587-9397
email: ggreenberg@zipinlaw.com

By: _____
Garry G. Geffert

Date: November 1, 2011