IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEANN J. NESSELRODTE, on behalf of**
**herself and all other similarly situated,**

                **Plaintiffs,**

**v.**                                           **Civil Action No. 3:11-cv-95**

**DIVA'S, LLC,**

                **Defendant.**

## ORDER DENYING MOTION TO COMPEL

This matter comes before the Court on Defendant Diva's, LLC's ("Diva's") Motion to Compel Discovery, filed on May 17, 2012.[1] Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Compel Discovery on June 5, 2012. Defendant filed a Reply on June 6, 2012. The Court held an evidentiary hearing and argument on Defendant's Motion on June 7, 2012. Plaintiffs appeared by Garry G. Geffert, Esq., by telephone and Gregg C. Greenberg, Esq., by telephone. Defendant appeared by David A. Camilletti, Esq., by telephone and Matthew J. Hoffer, Esq., by telephone. No other testimony was taken nor was any other evidence adduced.

### I. Introduction

A.    <u>Background</u>

On November 1, 2011, plaintiff Leanne Nesselrodte, an exotic dancer at Diva's, filed suit on behalf of herself and all others similarly situated against Defendant to recover damages under the Fair Labor Standards Act and the West Virginia Wage Payment and Collection Act. Plaintiffs seek to recover unpaid minimum wages, liquidated damages in an equal amount to

---

[1]Dkt. No. 32.

return them to a minimal standard of living, and attorney's fees and costs. On March 1, 2012, Defendant propounded written discovery requests upon Plaintiffs Nesselrodte and McLaughlin. In their responses to the document requests and answers to the interrogatories, Plaintiffs raised certain objections, leading Defendant to subsequently file a motion to compel. Because of this discovery dispute, the matter has come before this Court.

B.     The Motion

       1.     Defendant's Motion to Compel Discovery

C.     Decision

Defendant's Motion to Compel Production is **DENIED** because the requested tax information can be obtained through other methods of discovery and because the other requested financial information is not likely to lead to the discovery of admissible evidence.

## II. Defendant's Motion to Compel Discovery

       A.     Contentions of the Parties

Defendant argues this Court should compel Plaintiffs to produce their tax returns and other documents associated with their tax returns because this information is relevant to whether they were misclassified as independent contractors rather than employees and to the corresponding economic realities test, and because the information could be relevant to the amount of services fees that would offset wage obligations. Defendant also argues that Plaintiffs should be compelled to produce other financial documents including banking records, credit applications, credit reports, lease and loan applications, credit card records and applications for public benefits because this information is relevant to their other employment and the income received from that employment.

Plaintiffs argue that they should not be compelled to produce the requested tax documents because they are not relevant to whether Plaintiffs were employees or independent contractors, because Defendant can get this information through other means, because Plaintiffs' own characterizations of themselves on their tax returns are not admission, and because to recover service fees to offset FLSA obligations, Defendant must prove from its own records the amount of service fees allegedly retained. Plaintiffs also argue they should not be compelled to produce the other financial documents requested because their other employment and other wages have no relevance to whether they were employees of Diva's.

B. Discussion

First, Defendants argue that this Court should compel Plaintiffs to produce tax returns and other financial documents, such as the documents used in the preparation of their tax returns, documents exchanged with the tax preparer, documents exchanged with the taxing authority, and the identity of the tax preparers. In order for tax returns to be discoverable, a defendant "must demonstrate that the tax return is relevant to the subject matter of the dispute; a compelling need exists, and that the information sought is not otherwise attainable." Order Denying Motion to Compel, Marken v. PNGI Charles Town Gaming, No. 3:03-cv-80 (N.D. W.V. Dec. 29, 2004)(Seibert, J.). In this case, Defendant has not shown that this information cannot readily be obtained from other sources. See Hobson v. Commuc'ns Unlimited, No. 1:10-cv-734, 2011 WL 414948 at *2 (N.D. Ga. Feb. 7, 2011). Here, the information sought is obtainable through less intrusive means, including through interrogatories, requests for admissions, and depositions. Defendant admitted as much on brief and in argument, only contending that these methods would be less reliable. Accordingly, Defendant's Motion to Compel is denied with respect to

these documents.

Next, as to the issue of whether this Court should compel Plaintiffs to produce other financial documents such as credit reports and applications, banking records, lease and loan applications, credit card reports, and applications for public benefits, as Defendant's counsel stated at the evidentiary hearing and argument, these requests were designed to discover information about the other places Plaintiffs worked and how much money they made at those establishments. However, other employment or receipt of other income is irrelevant to the question of whether plaintiffs were employees of Underground or whether they were independent contractors. See Young F. Ke v. Fourth Avenue, No 07 Civ 6897, 2009 WL 1058627 at *4 (S.D.N.Y. Apr. 20, 2009)("the plaintiffs' status as employees under the FLSA is not dependant on whether they had other employment, so that argument provides no support for the requested discovery."). This case turns only on this employment relationship. Accordingly, Defendant's discovery requests seeking this information are denied because they are not likely to lead to the discovery of admissible evidence. See Watson v. Lowcountry Red Cross, 947 F.2d 482 (4th Cir. 1992).

### III. Decision

Defendant's Motion to Compel Discovery is **DENIED** because the requested tax information can be obtained through other methods of discovery and because the other requested financial information is not likely to lead to the discovery of admissible evidence.

IT IS SO ORDERED.

Filing of objections does not stay this Order.

Any party may, on or before June 21, 2012, file with the Clerk of the Court written

4

objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

    The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: June 7, 2012                              */s/ James E. Seibert*
                                                                 JAMES E. SEIBERT
                                                                 UNITED STATES MAGISTRATE JUDGE